[Cite as *State v. Gibson*, 2014-Ohio-136.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-11 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-310 |
| v. | : | |
| | : | |
| KATHY S. GIBSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of January, 2014.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JANE A. NAPIER, Atty. Reg. #0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorneys for Plaintiff-Appellee

BRIAN D. BRENNAMAN, Atty. Reg. #0088988, 1616 Turner Road, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}   Defendant-appellant Kathy S. Gibson appeals from her convictions and sentences, following a guilty plea, on one count of Theft from an Elderly Person or Disabled

Adult, in violation of R.C. 2913.02(A)(1), (B)(3), a fourth-degree felony, and eight counts of Forgery, in violation of R.C. 2913.31(A)(2), (C)(1)(b), felonies of the fifth degree.   She contends that the trial court committed plain error when if failed to aggregate all of the offenses under R.C. 2913.61(C)(1).

{¶ 2}   We conclude that the trial court did err when it failed to aggregate the eight Forgery offenses, but we conclude that the trial court was not required, under R.C. 2913.61(C)(1), to aggregate those offenses with the Theft offense, which itself represented multiple acts of theft that had been aggregated under that statute into a single Theft offense.   We further conclude, however, that the trial court's failure to have aggregated the eight Forgery offenses did not result in a manifest miscarriage of justice in this case, was not an obvious defect in the proceedings, and therefore does not rise to the level of plain error.   Consequently, the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 3}   Gibson was charged by indictment with one count of Theft, in violation of R.C. 2913.02(A)(1),(B)(1), 2913.71(B), a felony of the fifth degree; one count of Theft from an Elderly Person or Disabled Adult, in violation of R.C. 2913.02(A)(1),(B)(3), a felony of the fourth degree; and nineteen counts of Forgery, in violation of R.C. 2913.31(A)(2),(C)(1)(b), felonies of the fifth degree.   Gibson's 87-year-old grandfather, Frank Smith, was identified in the indictment as the victim with respect to all of the offenses with which Gibson was charged.   The count of Theft from an Elderly Person or Disabled Adult expressly refers to the aggregation of multiple offenses into that single offense, under the authority of R.C. 2913.61(C)(1).

{¶ 4}    Gibson entered into a plea bargain, wherein she pled guilty to the count of Theft from an Elderly Person or Disabled Adult, and to eight counts of Forgery, with all the other counts being dismissed. She was sentenced to imprisonment for sixteen months for Theft from an Elderly Person or Disabled Adult, and to eight months for each of the eight Forgery offenses. The trial court ordered the eight-month sentences for Forgery to be served concurrently with one another, but consecutively to the sixteen-month sentence for Theft from an Elderly Person or Disabled Adult, for a total sentence of twenty-four months.

{¶ 5}    From her conviction and sentence, Gibson appeals. Her sole assignment of error is as follows:

THE TRIAL COURT ERRED IN CONVICTING DEFENDANT ON COUNTS 4, 6, 8, 10, 12, 14, 16, AND 18.

{¶ 6}    Gibson contends that pursuant to R.C. 2913.61(C)(1), all of her convictions should have been aggregated into one count.

## II.   The Specific Provisions of R.C. 2913.61(C)(1) Prevailing Over the More General Provisions of R.C. 2913.61(C)(2), Gibson's Forgery Counts Should Have Been Aggregated into One Count of Forgery

{¶ 7}    R.C. 2913.61(C)(1) and 2913.61(C)(2) provide as follows (emphasis added):

(1) When a series of offenses under section 2913.02 of the Revised Code, or a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code involving a victim who is an elderly

person or disabled adult, is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses *shall* be tried as a single offense. The value of the property or services involved in the series of offenses for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all offenses in the series.

(2) If an offender commits a series of offenses under section 2913.02 of the Revised Code that involves a common course of conduct to defraud multiple victims, all of the offenses may be tried as a single offense. If an offender is being tried for the commission of a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code, whether committed against one victim or more than one victim, involving a victim who is an elderly person or disabled adult, pursuant to a scheme or course of conduct, all of those offenses *may* be tried as a single offense. If the offenses are tried as a single offense, the value of the property or services involved for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all of the offenses in the course of conduct.

{¶ 8}    All of the offenses of which Gibson was convicted were committed with her

grandfather as the victim.[1]  The State acknowledges that they were all committed pursuant to a scheme or course of conduct.  The State contends that under the provisions of R.C. 2913.61(C)(2), unlike the provisions in R.C. 2913.61(C)(1), it had the option to aggregate the Forgery counts into one count, and it chose not to.  As the State points out, the operative verb in division (C)(2) of the statute is "may," as opposed to "shall," the operative verb in division (C)(1) of the statute.

{¶ 9}   The crucial issue is which division of the statute applies to Gibson, (C)(1) or (C)(2).  By their terms, both divisions apply, but one mandates aggregation, while the other merely permits it.

{¶ 10}  The statutory construction rule of lenity found in R.C. 2901.04(A), which requires that a statutory provision defining offenses or penalties be strictly construed against the state and liberally construed in favor of the accused, is not helpful here.  Aggregation of multiple offenses could favor a defendant in some situations, by precluding the imposition of consecutive sentences for multiple offenses.  But it could work to a defendant's disadvantage in others, since the aggregation of multiple offenses could elevate the degree of the offense.  R.C. 2913.31(C)(1).

{¶ 11}  We find R.C. 1.51 to be the correct tool of statutory construction to apply in this case.  R.C. 1.51 provides as follows:

> If a general provision conflicts with a special or local provision, they shall
> be construed, if possible, so that effect is given to both.  If the conflict between

---

[1] Each forgery count states that Gibson committed it "with purpose to defraud, or knowing that she is facilitating a fraud on Frank B. Smith," her grandfather.

the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

{¶ 12} R.C. 2913.61(C)(2) deals with the situation in which a defendant is being charged with a series of forgeries (or other stated crimes) committed against one or more victims, involving a victim who is elderly or disabled, pursuant to a scheme or course of conduct. R.C. 2913.61(C)(1) deals with a narrower, more specifically defined, situation, in which a defendant is being charged with a series of forgeries, involving a victim who is elderly or disabled, "committed by the offender in the offender's same employment, capacity, or relationship to another." The requirement that the offense be committed in a single employment, capacity, or relationship to another person is a narrower, more specific requirement, found in division (C)(1) of the statute, but not found in division (C)(2) of the statute.

{¶ 13} Gibson committed all of these offenses in her relationship to her 87-year-old grandfather, the victim. It is unlikely that she could have committed these offenses without the existence of that relationship, since she obtained the checks she forged from her daughter, the victim's great-granddaughter.

{¶ 14} We conclude that the more specific provisions of R.C. 2913.61(C)(1), which require the aggregation of multiple offenses, prevail over the more general provisions of R.C. 2913.61(C)(2), which merely permit aggregation.

{¶ 15} We find further support for this construction of R.C. 2913.61 in the general principle of statutory construction that conflicting provisions are to be harmonized, if possible, so that effect may be given to each. *See* R.C. 1.52(B). If the provisions of R.C. 2913.61(C)(1),

requiring the aggregation of multiple offenses where they are committed in a single employment, capacity, or relationship to another person, were deemed not to prevail over the provisions of R.C. 2913.61(C)(2), which merely permit the aggregation of multiple offenses, then the mandatory aggregation provisions of R.C. 2913.61(C)(1) would have no effect, since they would always be trumped by the permissive aggregation provisions of R.C. 2913.61(C)(2). Where possible, a court should not construe a statutory enactment in such a manner that it would never have any effect, since the General Assembly should be presumed not to have created a statutory nullity.

### III. Because R.C. 2913.61(C)(1) Refers to Two Distinct Series of Offenses, Each Series of Offenses Must Separately Be Aggregated, but those Two Aggregations Need Not Be Aggregated Together into a Single Aggregation

{¶ 16} Although we disagree with the State's contention that Gibson's eight Forgery offenses should not have been aggregated into a single Forgery offense, we also disagree with Gibson's contention that the single Forgery offense resulting from that aggregation must further be aggregated with the Theft from an Elderly Person or Disabled Adult offense, which, itself, was the result of aggregating several such offenses. To reach this conclusion, we parse the words of R.C. 2913.61(C).

{¶ 17} R.C. 2913.61(C)(1) provides that "[w]hen *a series* of [theft] offenses * * * , *or a series* of violations of * * * [certain other criminal statutes, including 2913.31, the forgery statute] involving a victim who is an elderly person or disabled adult, is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those

offenses shall be tried as a single offense." (Emphasis added.) Two distinct series of offenses are set forth in the statute: a series of theft offenses, and a series of offenses under other statutes.

{¶ 18} We conclude, from the fact that the statute refers to two different series of offenses, that the aggregation required by the statute is with respect to each series of offenses, separately, in a case in which more than one of those series is involved. Had the General Assembly intended to require the aggregation of all the offenses, in both series, into a single offense, it would presumably have enacted a statute reading like the following:

When a series of offenses under section 2913.02 of the Revised Code, violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section 2913.31 or 2913.43 of the Revised Code involving a victim who is an elderly person or disabled adult, is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense. The value of the property or services involved in the series of offenses for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all offenses in the series.

{¶ 19} By specifying a single series of offenses to be aggregated into a single offense, the General Assembly would have made it clear that all of the offenses in that series of offenses must be aggregated into a single offense. The statute the General Assembly actually enacted does not do that. By specifying two separate series of offenses, connected in the disjunctive –

"or" – the General Assembly has manifested its intent that the offenses in each series are to be separately aggregated.

{¶ 20}   We conclude, therefore, that although Gibson's eight Forgery offenses should have been aggregated into a single Forgery offense, that single Forgery offense was not required to be aggregated with the single Theft offense, itself the result of an aggregation of multiple Theft offenses.

**IV.   The Failure to have Aggregated Gibson's Forgery Offenses, Having**

**Caused No Manifest Miscarriage of Justice, Does Not Constitute Plain Error**

{¶ 21}   The parties agree that Gibson did not assert, in the trial court, that her Forgery offenses were required to be aggregated, either with one another, or with the Theft offense, as well.   Indeed, Gibson pled guilty to the eight Forgery counts, which, unlike the Theft count, neither alleged that the named victim was an elderly person, nor contained aggregation allegations.   Therefore, Gibson's assignment of error must be analyzed under the plain-error standard of review.

{¶ 22}   In the circumstances of this case, the absence of the elderly-victim allegation in the forgery counts to which Gibson was allowed to plead guilty worked to her benefit.   Without the allegation, the threshold for enhancement of the forgeries to fourth-degree felonies rose from $1,000 to $7,500, and the aggregation issues relating to R.C. 2913.61(C)(1) and (2) do not apply.  Specifically, Gibson was charged in the indictment with having violated R.C. 2913.31(A)(2)(C)(b)(1):

(A) No person, with purposed to defraud, or knowing that the person is

facilitating a fraud, shall do any of the following:

* * *

(2) Forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed;

* * *

(C)(1)(a) Whoever violates division (A) of this section is guilty of forgery.

(b) Except as otherwise provided in this division or division (C)(1)(c) of this section, forgery is a felony of the fifth degree. * * *

{¶ 23} Gibson's failure to raise the aggregation issue in the trial court allowed her to enter guilty pleas to eight fifth-degree felonies rather than one fourth-degree felony. She was sentenced to eight concurrent eight-month sentences on the forgery convictions.

{¶ 24} If the forgery counts had been aggregated, however, either based on the total amount of the forgeries alleged in the indictment ($2,469.81), or based on the total amount of the forgeries to which Gibson pled guilty ($1,275.12), she would have been subject to the greater prison-sentence range applicable to a fourth-degree felony, under R.C. 2913.31(C)(1)(c):

(c) If the victim of the offense is an elderly person or disabled adult, division (C)(1)(c) of this section applies to the forgery. Except as otherwise provided in division (C)(1)(c) of this section, forgery is a felony of the fifth degree. If property or services are involved in the offense or of the victim suffers a loss, forgery is one of the following:

(i) If the value of the property or services or the loss to the victim is one thousand dollars or more and is less than seven thousand five hundred dollars, a felony of the fourth degree;

* * * .

{¶ 25} So, if Gibson had pled guilty to a single forgery count aggregated as a series of forgery offenses committed against an elderly person, she would have been subject to the six- to eighteen-month prison term applicable to a fourth-degree felony, rather than the six- to twelve-month prison term applicable to fifth-degree felonies. R.C. 2929.14(A)(4) and (5).

{¶ 26} In *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978), the Supreme Court has provided guidance for the consideration of plain error:

Ordinarily, * * * the failure to object * * * constitutes a waiver of any claim of error relative thereto. Further, * * * [it] does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.

{¶ 27} Although the outcome of the proceedings in the trial court would have been different had Gibson's forgery counts been aggregated, notice of plain error under the circumstances of this case is not necessary to prevent a manifest miscarriage of justice. Gibson arguably benefitted by having failed to raise the issue of the aggregation of her felony counts in the trial court, and could receive a harsher sentence for those forgeries if we were to reverse those convictions and remand. The exercise of the utmost caution in the circumstances of this case impels us in the direction of not recognizing plain error here.

{¶ 28} Furthermore, for a court to notice plain error, the error must be an obvious defect in a trial court's proceedings. *State v. Steele*, ___ Ohio St.3d ___, 2013-Ohio-2470, ___ N.E.2d ___, ¶ 30. The parties have not directed our attention to any prior cases, and we are not aware of any, deciding which of the statutory aggregation provisions – the mandatory aggregation provision in R.C. 2913.61(C)(1), or the permissive aggregation provision in R.C. 2913.61(C)(2) – is to be applied in a case, like the one before us, where both provisions are arguably applicable. As in *Steele*, there is no explicit case law providing an answer to a difficult legal question, compounded in the case before us by the further question of whether the forgeries and thefts should be jointly aggregated into a single offense. Therefore, as in *Steele*, "it would be difficult to conclude that the trial court's [error] constitutes an obvious error." *Id.*

{¶ 29} Gibson's sole assignment of error is overruled.

## V. Conclusion

{¶ 30} Gibson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

HALL, J., concurring in the judgment:

{¶ 31} I agree to affirm the judgment of the trial court and that the failure to aggregate the multiple forgery offenses does not constitute plain error. However I do so because I find no error at all, plain or otherwise, based on my conclusion that the provision for mandatory aggregation of a series of violations, as specified in R.C. 2913.61(C)(1), does not apply to the multiple forgery offenses at issue.

{¶ 32}   The record reflects that the appellant and her adult daughter (a co-defendant for some of the appellant's offenses) were at the appellant's 87-year-old grandfather's residence when the daughter stole a number of checks from the grandfather's desk. The appellant claimed she was not aware of the theft until after they left the residence. The record contains no evidence to the contrary. Then, from July 15, 2012 until August 8, 2012, the appellant committed multiple forgeries that were each independent offenses. She was charged with two theft offenses and nineteen forgeries but entered a negotiated plea to one theft offense and eight forgeries. The record does not indicate that the forgeries involved an on-going exploitation of the appellant's "relationship" with her grandfather. The only "relationship" between them evident from the record is the familial one.

{¶ 33}   When originally conceived , aggregation under R.C. 2913.61 (C) applied only to theft offenses and had a single mandatory aggregation requirement. It provided that when offenses were "committed by the offender in his same employment, capacity, or relationship to another, all such offenses shall be tried as a single offense * * *."  This aggregation of theft offenses committed in the same employment, capacity, or relationship was intended to replace the embezzlement statute, former R.C 2907.34. As explained in 1973 Legislative Service Commission commentary: "Under the new code, embezzlement is not defined as a separate offense, but is a series of theft offenses committed by an offender within a given span of time in his same employment, capacity, or relationship to another."

{¶ 34}   It is apparent to me that the word "relationship" in R.C. 2913.61(C)  was intended to refer to a fiduciary-type relationship, or some relationship involving trust and confidence   where an offender can repeatedly take advantage of his or her position to

"embezzle" from his or her victim. The statute did not necessarily preclude aggregation of offenses by someone acting in a familial relationship,[2] but its purpose was to substitute for embezzlement where there was repetitive theft in the same employment, capacity, or relationship. "The Ohio Supreme Court in *State v. Doll* (1970), 24 Ohio St.2d 130, analyzed the history and purpose of embezzlement statutes that preceded R.C. 2913.61(C). The *Doll* court stated the basic purpose of the statute is to deter a tempted fiduciary *from a breach of his trust*." (Emphasis added) *State v. Weaver*, 8th Dist. Cuyahoga No. 58114, 1990 WL 118347, *3 (Aug. 16, 1990).

---

[2] One of the examples the Legislative Service Commission commentary refers to involves a "person who systematically and improperly appropriates the property of a senile relative." But even that example suggests exploitation as part of an on-going relationship with the victim, as opposed to offenses committed separately and apart from interaction with the victim.

{¶ 35} Amendments to the statute in 1998 separated section (C) into subsections (C)(1) and (C)(2). And 1999 legislation added language expanding the statute to require aggregation of various financial or property offenses against an elderly or disabled person. Presently, subsection (C)(1) requires aggregation for all theft offenses committed "in the offender's same employment, capacity, or relationship to another * * *." Aggregation under subsection (C)(1) also is required for deceptive charitable solicitation, theft, unauthorized use of motor vehicles, misuse of credit cards, forgery, or securing writings by deception if the offense involves an elderly or disabled victim and if the offense is committed "in the offender's same employment, capacity, or relationship to another * * *." Under R.C. 2913.61(C)(2), offenses committed "pursuant to a scheme or course of conduct * * * *may* be tried as a single offense." (Emphasis added).[3]

{¶ 36} Other case law supports the notion that the aggregation statute applies where there is an "ongoing relationship and ensuing conduct [that] closely resemble[s] an embezzlement-type of offense * * *." *State v. Rice*, 103 Ohio App.3d 388, 402, 659 N.E.2d 826 (10th Dist.1995). That is contrasted with a case where each transaction was independent and "there was no continuing relationship involved in the sense contemplated by the statute." *State v. Payne*, 10th Dist. Franklin No. 79AP-259, 1979 WL 209475, *4 (Dec. 4, 1979).

{¶ 37} I have reviewed each of the forty-two Ohio cases citing R.C. 2913.61(C) and numerous cases that otherwise refer to the aggregation statute. Virtually all involve an employment or bookkeeper-type relationship. One that departs from the norm is *State v. Greer*, 3d Dist. Union No. 14-99-26, 1999-Ohio-940, 1999 WL 1075442 (Dec. 1, 1999). There, Tammy

---

[3]Although count two of the appellant's indictment (theft from an elderly person, a fourth-degree felony) refers to the aggregation provision of R.C. 2913.61(C)(1), it is my belief that aggregation of the multiple theft violations in this case is permissive under R.C. 2913.61(C)(2), rather than mandatory. This is a discrepancy that, at most, involves harmless error.

Greer wrote eleven checks on a closed account over a five-day period to Mosier's IGA for merchandise, gas, and cash. The court held that the offenses should be aggregated because of Greer's "continuing and on-going relationship" as a customer of Mosier's IGA. *Id.* at *2. Another aberration is *State v. Vitale*, 8th Dist. Cuyahoga No. 35121, 1976 WL 191084 (Sept. 2, 1976). In *Vitale*, the victim was a customer of a real-estate company where Vitale worked. They began dating. Over time, the victim invested money in a real-estate venture in which Vitale was involved. After they broke up, he failed to return her money. Although the *Vitale* court determined that R.C. 2913.61(C) did not apply because he was charged with larceny by trick (former R.C. 2907.21) rather than theft, the opinion is devoid of commentary that the on-going dating relationship would have been insufficient to qualify under the "relationship to another" language of the statute. Notably, my review of cases revealed *no* case where the "relationship" at issue was simply a familial one.

{¶ 38} In my view, when reading the words of the statute in the context of its history, mandatory aggregation under R.C. 2913.61(C)(1) should not apply because there is no exploitation of an on-going, interpersonal relationship of trust and confidence between the appellant and her grandfather.[4] That analysis also leads me to the conclusion that because there is no error in this case, there is no plain error. Moreover, had counsel raised the aggregation argument at sentencing, the record of the lack of a "relationship" could have been made more clear, or the negotiations leading to the plea could have been more explicit, either of which would explain why there would be no different result, thus no plain error. Accordingly, I conclude that

---

[4] I recognize that the precise issue I have discussed, no more than a familial "relationship", was not specifically addressed in the briefs. Nonetheless interpretation of the statute is necessary for resolution of this appeal.

Appellant's multiple forgery offenses, which were committed without any indication of exploitation of an on-going relationship of trust or confidence, were not required to be aggregated into a single offense and the trial court did not err with respect to those multiple offenses.

. . . . . . . . . . . . .

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Brian D. Brennaman
Hon. Nick A. Selvaggio

Case Name: *State of Ohio v.Kathy S. Gibson*
Case No: Champaign App. No. 2013-CA-11
Panel: Fain, Hall, Welbaum
Author: Mike Fain
Summary: