[Cite as *State v. Baker*, 2013-Ohio-2891.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA0001 |
| JAMES E. BAKER, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Coshocton County Court of Common Pleas, Case No. 12-CR-0031

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 1, 2013

APPEARANCES:

For Plaintiff-Appellee

JASON GIVEN
Coshocton County Prosecuting Attorney
318 Chestnut Street
Coshocton, OH 43812

For Defendant-Appellant

JEFFREY MULLEN
Coshocton County Public Defender
239 N. Fourth Street
Coshocton, OH 43812

*Gwin, P.J.*

{¶1} On May 21, 2012, James E. Baker, Jr. ["Baker"] was indicted on nineteen (19) counts. Baker was charged with one count of Rape, R.C. 2907.02(A)(1)(b); eight counts of Rape, R.C. 2907.02(A)(2); and ten (10) additional counts of Gross Sexual Imposition.

{¶2} On August 31, 2012 Baker entered pleas of guilty to counts one (1) through ten (10) of the Indictment, consisting of 9 counts of rape, felonies of the first degree one count in violation of R.C. 2907.02(A)(1)(b) and eight counts in violation of R.C. 2907.02(A)(2); and one count of gross sexual imposition a felony of the third degree in violation of R.C. 2907.05(A)(4). In exchange, the state requested and the court granted a nolle prosequi of counts eleven (11) through nineteen (19) of the Indictment. The state also agreed to take no position as it related to Baker's sentence.

{¶3} Following Baker's pleas of guilty, the court ordered a pre-sentence investigation (PSI). Additionally, upon Baker's motion, the court ordered that a psychological examination of Baker be performed to aid the court in sentencing and as part of the PSI process. Per said order Dr. Gary Wolfgang, Ph.D., conducted the examination and filed a report with the court. This report was incorporated into the PSI and was made part of the record at the time of sentencing.

{¶4} On December 12, 2012, the court conducted a sentencing hearing. The court imposed a sentence of 10 years to life imprisonment for Count 1, Rape; sentences of 5 years for each of counts 2 through 9, each a count of Rape felonies of the first degree; and a sentence of 36 months for Count 10, Gross Sexual Imposition. The sentencing court ordered that the sentences for counts 2, 3, and 4 were to be

consecutive to each other and consecutive to Count 1; and that the remaining counts be concurrent to each other, and concurrent to counts 1 through 4. Thus, Baker's aggregate sentence is life imprisonment with the possibility of parole in twenty-five (25) years.

*Assignment of Error*

{¶5}   Baker assigns one assignment of error,

{¶6}   "I. THE IMPOSITION OF CONSECUTIVE SENTENCES WAS AN ABUSE OF DISCRETION."

{¶7}   In his sole assignment of error, Baker challenges his consecutive sentences.

{¶8}   In 2003, the Ohio Supreme Court held in *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, a court may not impose consecutive sentences unless it "finds" three statutory factors enumerated in then 2929.14(E)(4). The statutory factors were the same as those now enumerated in the revised version of R.C. 2929.14(C)(4) following enactment of 2011 Am.Sub.H.B. No. 86. The revised version of the statute again requires the trial court to "find" the factors enumerated.

{¶9}   The Court in *Comer, supra*, read R.C. 2929.14(E)(4), as it existed then, in conjunction with then R.C. 2929.19(B) to reach its conclusion the trial court must also state its reasons for the sentence imposed. Then R.C. 2929.19(B) stated the trial court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances...(c) if it imposes consecutive sentences under R.C. 2929.14."

{¶10} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added).

**{¶11}** In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ⸺ Ohio St.3d – ⸺, Slip Opinion No. 2010–Ohio–6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶12}** When it is clear from the record that the trial court engaged in the appropriate analysis, little can be gained by sending the case back for the trial court to, in essence, recite the "magic" or "talismanic" words when imposing consecutive sentences. In other words, because the record supports the trial court's imposition of consecutive sentences, the trial court cannot err in imposing consecutive sentences after remand. Our review on appeal of any subsequent resentencing will be directed at looking at the entire trial court record to determine if that record supports the trial court's findings that the R.C. 2929.14(C) factors were met. *See, State v. Alexander,* 1st Dist. Nos. C–110828, C–110829, 2012–Ohio–3349, ¶18; *State v. Frasca,* 11th Dist. 2011–T–0108, 2012–Ohio–3746, ¶57.

**{¶13}** The transcript and sentencing entries reveal that the trial court reviewed Baker's presentence investigation report and Dr. Wolfgang's a report.

**{¶14}** During the sentencing hearing, the trial judge made the following findings,

Mr. Baker, now we need to get down to the numbers. I believe that your lawyer has done everything he can for you under the circumstances, but your lawyer's ability to defend your position is somewhat limited because of the nature of the crimes and the harm caused by you. I understand that you have some limited mental abilities, but it's also clear to me that you knew what you were doing was wrong and you continued to do that. Because of your actions, and the age of the victim, who was under age 13 with regard to Count 1, the General Assembly of this state has decided to allow for a specific penalty, and that penalty is the only one available to you for Count 1 of the indictment.

In consideration of the criteria established in section 2907.02 and the penalty section for Count 1, and Count 1, again, is rape, in violation of Revised Code Section 2907.02(A) (1)(b), a felony of the first degree, when the victim was less than 13 years of age, meaning the penalty section is 2971.03(B) (1)(a), James E. Baker, you are hereby sentenced to serve for that offense, again, that's rape, in violation of Revised Code Section 2907.02(A)(1)(b), a felony of the first degree as set forth in Count 1 of the indictment, you are hereby sentenced to serve a minimum term of 10 years and a maximum term of life imprisonment. That is exactly the way

the statute is set out. A minimum term of 10 years and a maximum term of life imprisonment. That's the penalty for Count 1.

* * *

And your lawyer has argued for concurrent sentences, based on your cooperation and your lack of a criminal history. I have to balance that cooperation and I do take that into consideration, Mr. Baker, that you did not require some young girl to come up here and sit on this witness stand and talk about what it's like to be raped by you, to have to relive those horrors and explain that to numerous strangers sitting about the courtroom, specifically those in the jury box. So I do grant you some credit for that. But, I have to find that the harm caused by you is so great that a single term of imprisonment cannot adequately punish you for these offenses. In consideration of the criteria established in sections 2929.12, 13, 14, and all other matters pertinent, including the content and recommendation of the pre-sentence investigation and report, it is the judgment and sentence of this court as follows: For the offense of rape, in violation of Revised Code Section 2907.02(A)(2), a felony of the fifth degree, the defendant, James E. Baker Jr., is hereby sentenced to serve five years' incarceration in a state penal institution.

For the offense of rape, in violation of Revised Code Section 2907.02(A)(2), a felony of the first degree, as set forth in Count 3 of the indictment, the defendant, James E. Baker Jr., is hereby sentenced to serve five years' incarceration in a state penal institution.

For the offense of rape, in violation of Revised Code Section 2907.02(A) (2), a felony of the first degree, as set forth in Count 4 of the indictment, the defendant, James E. Baker Jr., is hereby sentenced to serve five years' incarceration in a state penal institution. The sentences for counts 2, 3, and 4 will be served consecutively with each other. And consecutively with the sentence imposed in Count 1.

In sentencing the defendant to consecutive prison terms, the court finds that the consecutive service is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. And at least two of the offenses were committed as part -- I should say, those offenses noted in counts 1 through 4 were committed as part of a course of conduct and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Now, that's a lot of legal terminology for you, Mr. Baker. What I have just said in terms that you might understand is that when you raped a little girl, you stole from her, you took from her her innocence. You took from her something that she can never regain, and you placed upon her a burden that she will carry around for the rest of her life. The harm caused by you is absolutely immeasurable, I can't even begin to explain it. And

therefore, you will serve those sentences that I just pointed out consecutively so that, in effect, it's a life sentence and you will be in prison for the rest of your life.

* * *

Sent. T. at 7-11.

{¶15} Upon review of the sentencing entries and the pertinent transcripts, we find the trial court properly considered the purposes and principles of felony sentencing, the factors of seriousness and recidivism and the R.C. 2929.14(C) factors when it re-sentenced Baker. We further hold the trial court's consecutive sentences in this matter are not unreasonable, arbitrary or unconscionable, and they are not contrary to law.

{¶16} Baker's sole assignment of error is overruled and the judgment of the Coshocton County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN

WSG:clw 0618

[Cite as *State v. Baker*, 2013-Ohio-2891.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES E. BAKER, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2013CA0001 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. CRAIG R. BALDWIN