[Cite as *State v. Adams*, 2014-Ohio-1809.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, :

v. :           No. 13AP-783
                                (C.P.C. No. 12CR-03-1113)

Joseph M. Adams, :

                                     (REGULAR CALENDAR)

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on April 29, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee.

*Thomas Charlesworth*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, Joseph M. Adams, appeals from a judgment of the Franklin County Court of Common Pleas, convicting him of two counts of rape and sentencing him to 18 years in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} On July 15, 2013, appellant pleaded guilty to two counts of rape in violation of R.C. 2907.02. The prosecutor set forth the basic facts of this case at appellant's plea hearing. According to the prosecutor, appellant briefly dated the victim's mother, A.B., in November 2011. While A.B. was out of town, appellant entered A.B.'s premises when her 12-year-old daughter, M.T., was home alone. Appellant proceeded to sexually assault M.T.

by use of force. During the assault, appellant penetrated M.T. digitally and then subjected her to vaginal intercourse.

{¶ 3}  On March 1, 2012, a Franklin County Grand Jury issued a three-count indictment against appellant. Count 1 and 2 of the indictment charged appellant with rape of a victim less than 13 years of age in violation of R.C. 2907.02; Count 3 of the indictment charged appellant with gross sexual imposition in violation of R.C. 2907.05, also upon a victim of less than 13 years of age. Appellant initially entered a plea of not guilty. However, as a result of a plea hearing held on July 15, 2013, appellant pleaded guilty to two counts of rape and, in return, plaintiff-appellee, State of Ohio ("State"), dropped the charge of gross sexual imposition and the specifications that the victim was less than 13 years of age.

{¶ 4}  At a sentencing hearing held on August 15, 2013, appellant's counsel argued that the two rape convictions merged for sentencing purposes inasmuch as both crimes arose from a single incident. Counsel also argued that appellant was entitled to leniency given the fact that appellant had been the victim of rape as a child.  The trial court found that the two rape convictions did not merge for purposes of sentencing and imposed a nine-year prison term for each rape conviction. The trial court ordered appellant to serve the two sentences consecutively, for a total prison term of eighteen years. Appellant's counsel objected to the consecutive sentence.

## II. Assignments of Error

{¶ 5}  Appellant timely appealed to this court asserting the following assignments of error:

> I. The lower court erred in failing to merge Appellant's conviction for two counts of Rape at sentencing in violation of R.C. § 2941.25(A) because the counts arose out of the same acts and incident and were not separate acts.

> II. The Trial court's sentence was contrary to law in violation of R.C. § 2953.08(A)(4) when it imposed consecutive sentences relative to two counts of Rape without making the findings required by R.C. 2929.14(C)(4).

### III. Standard of Review

{¶ 6} With respect to the trial court's failure to merge appellant's rape convictions, appellant has waived all but plain error by failing to object at the sentencing hearing. *State v. Taylor,* 10th Dist. No. 10AP-939, 2011-Ohio-3162, ¶ 34. Nevertheless, the Supreme Court of Ohio has held that a trial court commits plain error when it imposes multiple sentences for allied offenses of similar import. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. Accordingly, we will employ a de novo standard in reviewing the trial court's determination that R.C. 2941.25 does not require merger of appellant's multiple convictions. *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 47, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1.

{¶ 7} With respect to the imposition of consecutive sentences, we have consistently determined " 'that when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, "appellant's sentence is contrary to law and constitutes plain error." ' " *State v. F.R.*, 10th Dist. No. 13AP-525, 2014-Ohio-799, quoting *State v. Wilson,* 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18. When the trial court makes the required findings, an appellate court may overturn the imposition of consecutive sentences only if it finds, clearly and convincingly, that the record does not support the sentencing court's findings, or that the sentence is otherwise contrary to law. *State v. Young*, 8th Dist. No. 99752, 2014-Ohio-1055, ¶ 19, citing *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 10.

### IV. Legal Analysis

#### 1. Merger

{¶ 8} Pursuant to R.C. 2941.25(A), where defendant's conduct " 'can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.' " *Roush* at ¶ 66, quoting R.C. 2941.25(A). Where, however, " 'the defendant's conduct constitutes two or more offenses of dissimilar import' or 'results in two or more offenses of the same or similar kind committed separately or with a separate animus as to

each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.' " *Id.*, quoting R.C. 2941.25(B).

{¶ 9} The analysis adopted by the Supreme Court of Ohio in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, requires a court to ask whether "multiple offenses can be committed by the same conduct" and "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " *Id.* at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50. If the answer to both questions is yes, the court must merge the allied offenses prior to sentencing. *Id.* "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." (Emphasis sic.) *Johnson* at ¶ 51.

{¶ 10} In *State v. Accorinti,* 12th Dist. No. CA2012-10-205, 2013-Ohio-4429, defendant forced a 12-year-old girl to engage in a variety of sex acts with him against her will, including digital penetration and vaginal intercourse. Defendant pleaded guilty to two counts of rape and one count of kidnapping. The trial court merged the kidnapping offense with the rape convictions but convicted defendant of both counts of rape. The trial court sentenced defendant to a consecutive term of 20 years to life.

{¶ 11} In affirming the convictions, the court of appeals noted that, "[s]ince the issuance of *Johnson*, several courts, including this one, have continued to follow the well-established principle that 'different forms of forcible penetration constitute separate acts of rape for which a defendant may be separately punished.' " *Id.* at ¶ 13, quoting *State v. Daniels*, 9th Dist. No. 26406, 2013-Ohio-358, ¶ 9.[1] The court held that, "[b]ecause the two rape offenses were committed through separate sexual activity, something which [defendant] readily admits, the trial court did not err in failing to merge these charges for sentencing purposes." *Id.* at ¶ 16. *See also State v. Strong*, 1st Dist. No. C-100484, 2011-Ohio-4947, ¶ 71 (Two counts of rape were committed separately and should not be merged for sentencing purposes where each rape involved a different type of sexual

---

[1] *See also State v. Cuthbert*, 5th Dist. No. 11 CAA070065, 2012-Ohio-4472, ¶ 50-51; *State v. Trotter*, 8th Dist. No. 97064, 2012-Ohio-2760, ¶ 45; *State v. Davic*, 10th Dist. No. 11AP-555, 2012-Ohio-952, ¶ 16.

activity with the victim, vaginal intercourse and digital penetration.); *State v. Drummonds*, 1st Dist. No. C-110011, 2011-Ohio-5915, ¶ 7-9 (Trial court did not err by refusing to merge a conviction for rape involving digital penetration and a conviction for rape involving cunnilingus).

{¶ 12} The logic of the *Accorinti* decision applies with equal weight to the facts of this case. While appellant committed both digital penetration and vaginal intercourse during a single assault upon his victim, the two convictions do not merge for sentencing purposes because the rapes involved different types of sexual activity. The two sexual acts are separate and they were committed with a separate animus for each. Accordingly, we hold that the trial court did not err in failing to merge the two convictions for purposes of sentencing. Appellant's first assignment of error is overruled.

### 2. Consecutive Sentences

{¶ 13} Appellant acknowledged at his plea hearing that he was facing a maximum consecutive sentence of 22 years in prison and a $40,000 fine. The trial court imposed a consecutive sentence of 18 years without "any additional fine or court costs." (Tr. 29.) In his second assignment of error, appellant contends that the trial court erred in imposing a consecutive sentence.

{¶ 14} Under R.C. 2929.14(C)(4), as amended in 2011 H.B. No. 86, a court imposing a consecutive sentence must make certain findings. *State v. Bailey,* 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 43. However, R.C. 2929.19(B)(2) was not reenacted in H.B. No. 86, which means that a trial court is no longer required to provide reasons for imposing a consecutive sentence. *See State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶ 57; *State v. Power,* 7th Dist. No. 12 CO 14, 2013-Ohio-4254.

{¶ 15} Pursuant to amended R.C. 2929.14(C)(4), in order to impose a consecutive sentence, the trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b) or (c) applies. *Bailey* at ¶ 43. The relevant subsection in this case is R.C. 2929.14(C)(4)(c), which states: "The offender's history of criminal conduct

demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 16} The trial court made the following findings when it imposed a consecutive sentence:

> Mr. Adams, the Court has considered the principals and purposes of sentencing in this matter as well as the relevant seriousness and recidivism factors. I don't think, you know, it's lost on anybody the seriousness of this offense and the impact that it's had on the victim in this case. And I imagine it's not lost on you given your own family history.
>
> I am going to sentence you in this matter to a term of nine years for each count. I am finding that these are separate acts, and I am going to order that you serve those terms consecutively. So it's going to be a total term of 18 years in prison. I also find that the consecutive sentences are necessary to punish the defendant and protect the public from future crime and does not discredit the conduct or danger imposed by the defendant, and that the defendant's history demonstrates consecutive sentences are necessary to protect the public in this case.

(Tr. 28-29.)

{¶ 17} The State contends that the record clearly shows that the trial court made the required findings before imposing a consecutive sentence. Appellant concedes that the trial court made the first of the three required findings, but he claims that the trial court failed to make the second and third required finding.

{¶ 18} "In order to satisfy the statutory requirement of making the specific findings, the record must reflect that the trial court engaged in the analysis called for by the statute and selected the appropriate statutory criteria." *State v. Wilkerson*, 3d Dist. No. 8-13-06, 2014-Ohio-980, ¶ 14, citing *State v. Spencer*, 8th Dist. No. 99729, 2014-Ohio-204. Accordingly, the real question in this appeal is whether it is clear from the record that the trial court engaged in the appropriate analysis. *Power* at ¶ 40. *See also State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶ 12; *State v. Bratton*, 6th Dist. No. L-12-1219, 2013-Ohio-3293, ¶ 17; *Wilkerson* at ¶ 14; *State v. Baker*, 5th Dist. No.

2013CA0001, 2013-Ohio-2891, ¶ 14. In answering that question, we note that the trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences. *State v. Hubbard,* 10th Dist. No. 11AP-945, 2013-Ohio-2735, citing *State v. Farnsworth,* 7th Dist. No. 12 CO 10, 2013-Ohio-1275. While "[r]ote recitation is preferred to avoid * * * linguistic arguments on appeal, * * * it is not required of a trial court; synonymous words and phrasing can fulfill a court's obligation with regards to sentencing findings." *Power* at ¶ 44. Indeed, courts of appeals have upheld the imposition of consecutive sentences where the sentencing court employed "conceptually equivalent phraseology" in making the required findings. *Id.* at ¶ 45, citing *State v. Lenigar,* 10th Dist. No. 03AP-53, 2003-Ohio-5493, ¶ 15.

{¶ 19} Appellant first contends that the trial court failed to find that consecutive sentences are "not disproportionate to the seriousness of the conduct and the danger to the public." *Id.* at ¶ 45. Instead, the trial court found that the imposition of consecutive sentences "does not discredit the conduct or danger imposed by the defendant." (Tr. 29.) Appellant argues that the language used by the trial court does not satisfy the statutory requirement. We disagree.

{¶ 20} In *Power*, the issue on appeal was whether the trial court had made the required finding that consecutive sentences are "not disproportionate to the seriousness of the conduct and the danger to the public." *Id.* at ¶ 45. The trial court had not adhered to the statutory language in imposing a consecutive sentence. The court of appeals made the following observations when it upheld the consecutive sentence:

> The court characterized appellant's conduct as despicable and beyond understanding, stated that concurrent service was insufficient to protect the public and that concurrent service would fail to reflect the seriousness of the defendant's conduct. If concurrent service would not reflect the seriousness of the defendant's conduct, then consecutive service would not be disproportionate to the conduct. This is conceptually equivalent phraseology. * * * *The absence of the word disproportionate is not per se reversible.*

*Id.* at ¶ 45. (Emphasis added.)

{¶ 21} Here, as was the case in *Power*, the trial court did not employ the precise statutory language in making its finding. In our opinion, however, the trial court's use of the phrase "does not discredit the conduct or danger imposed by the defendant" shows that the trial court employed the required proportionality analysis in imposing a consecutive sentence. The trial court's remarks reveal that it weighed the severity of a consecutive sentence against the seriousness of the offenses, the irreparable harm inflicted on appellant's young victim, and the future risk to the public posed by appellant's particular criminal conduct. The trial court's phraseology in this case is conceptually equivalent to the statutory language, even though the trial court eschewed the phrase "not disproportionate." *Id.* Contrary to appellant's assertion, the record shows that the trial court engaged in the appropriate statutory analysis and made the required finding.

{¶ 22} Appellant next contends that the trial court failed to find that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Appellant focuses on trial court's comment that "defendant's history demonstrates consecutive sentences are necessary to protect the public in this case." (Tr. 29.) Appellant claims that it is unclear whether the "history" referred to by the trial court is his "history of criminal conduct," which arguably supports the imposition of a consecutive sentence; or his family history, which arguably supports leniency. Our review of the entirety of the court's comments convinces us that the trial court applied the appropriate analysis and made the required finding, even though it did not use the precise statutory language.

{¶ 23} The trial court cited appellant's "family history" in referring to appellant's consciousness of the harm he caused his young victim and the seriousness of his offense. However, the trial court made its later reference to appellant's "history" in the context of its need to impose a consecutive sentence in order to adequately protect the public from appellant. When read in the proper context, it is clear that the "history" to which the trial court is referring in the last sentence of its commentary is appellant's "history of criminal conduct." Indeed, it makes little sense for the trial court to rely on appellant's history as a victim in support of its decision to impose a lengthier sentence. We prefer to read the trial

court's comments in the proper context. Accordingly, we find that the trial court identified the relevant provision of the statute and made the necessary finding.

{¶ 24} An appellate court will overturn the imposition of a consecutive sentence only if it finds, clearly and convincingly, that the record does not support the sentencing court's findings, or the sentence is otherwise contrary to law. *Young; Venes.* In this case, the record supports the trial court's findings and the sentence imposed by the trial court is in accordance with the law. Appellant's second assignment of error is overruled.

## V. Conclusion

{¶ 25} Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

O'GRADY and LUPER-SCHUSTER, JJ., concur.

————————————————