[Cite as *State v. Steck*, 2014-Ohio-3623.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                   Court of Appeals Nos. WD-13-017
                                                                                            WD-13-018
                 Appellee

                                                                   Trial Court Nos. 2012CR0612
                                                                                          2011CR0516

v.

Dennis L. Steck                                          **DECISION AND JUDGMENT**

                 Appellant                                 Decided:  August 22, 2014

* * * * *

Paul Dobson, Wood County Prosecuting Attorney, and
Gwen Howe-Gebers, Assistant Prosecuting Attorney, and
Jacqueline M. Kirian, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In these consolidated appeals, Dennis Steck appeals sentences imposed upon

him by the Wood County Court of Common Pleas on February 12, 2013, in two criminal

cases.  In the February 12, 2013 judgments, the trial court imposed maximum consecutive sentences.

{¶ 2} In appeal No. WD-13-017, Steck appeals a sentence imposed upon revocation of sentence due to violation of conditions of community control under a February 15, 2012 judgment sentencing him for the offenses of domestic violence and menacing by stalking in Wood County Common Pleas case No. 2011CR0516.  In appeal No. WD-12-018, Steck appeals his sentence in Wood County Court of Common Pleas case No. 2012CR0612 on another conviction for domestic violence.

## Case History in 2011CR0516

{¶ 3} On December 16, 2011, Steck pled guilty to two offenses (1) domestic violence, a violation of R.C. 2919.25(A) and 2919.25(D)(3) and a fourth degree felony and (2) menacing by stalking, a violation of R.C. 2903.211(A)(1) and 2903.211(B)(2)(b) and fourth degree felony.  The charges were brought by a September 22, 2011 indictment.  The indictment charged Steck with committing domestic violence in an incident involving Amanda Evans occurring on June 4, 2011.  The indictment charged Steck with menacing by stalking of Ms. Evans on or about June 4, 2011 to August 31, 2011.

{¶ 4} At the original sentencing on February 15, 2012, the trial court sentenced Steck to serve three years community control on the convictions, subject to the intensive supervision and control of the Wood County Adult Probation Department on terms and

2.

conditions specified in the judgment. The judgment also provided that violation of the terms and conditions of community control "may lead to a more restrictive sanction, a longer period of community control, or a prison terms for Count 1 [domestic violence] of eighteen (18) months and Count 3 [menacing by stalking] of eighteen (18) months to be served consecutive with each other."

{¶ 5} Subsequently, the state filed three petitions for revocation of community control in the case. In a petition filed on March 21, 2012, the state asserted that appellant violated conditions of community control requiring no contact with the victim, Ms. Evans, and also requiring that appellant successfully complete the Northwest Community Corrections Center's SEARCH Program. In the second petition, filed on April 5, 2012, the state asserted that appellant violated a condition of community control prohibiting drug use, asserting appellant tested positive for THC (marihuana) in a drug screening. The third petition was filed on October 18, 2012, and asserted that appellant committed another domestic violence offense in October 2012, involving Ms. Evans.

{¶ 6} Appellant admitted to violation of community control in case No. 2011CR0516 on January 11, 2013. The trial court conducted a community control violation disposition hearing in the case on February 8, 2013. The court terminated community control and sentenced appellant to serve 18 months in prison on both offenses. The court also ordered that the sentences be served consecutively to each other and consecutively to the sentence imposed in case No. 2011CR0612.

3.

{¶ 7} The prosecution in case No. 2011CR0612 was initiated by indictment. The Wood County Grand Jury indicted appellant on November 8, 2012, for domestic violence, a violation of R.C. 2919.25(A) and 2919.25(D)(3) and fourth degree felony, allegedly arising from the October 3, 2012 incident on which the third petition to revoke community control in case No. 2011CR0516 was based. Appellant pled guilty to the offense on January 11, 2013.

{¶ 8} Sentencing proceeded on February 8, 2012, together with the community control disposition hearing in 2011CR0516. The trial court sentenced appellant to serve 18 months in prison for the offense and ordered that the sentence be served consecutively to the prison terms imposed in 2011CR0516.

{¶ 9} Appellant filed timely notices of appeal with respect to the sentencing judgments in both case Nos. 2011CR0516 and 2012CR0612. This court ordered that the cases be consolidated on appeal. Appellant asserts one assignment of error on appeal:

## Assignment of Error

The trial court's imposition of sentence constituted an abuse of discretion.

{¶ 10} Appellant argues that the trial court abused its discretion as to sentence, under the analysis provided in the Ohio Supreme Court's decision in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, by imposing maximum consecutive

4.

eighteen month sentences on all offenses in both cases. The state argues that the *Kalish* analysis no longer applies.

{¶ 11} The sentences concerned in this appeal were imposed in February 2013. Appellate courts have recognized that the R.C. 2953.08(G)(2) standard of review was reinstated under H.B. 86 (2011 AmSub.H.B. No 86) that became effective on September 30, 2011. *State v. White*, 2013-Ohio-4225, 937 N.E.2d 629, ¶ 6-10 (1st Dist.); *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10, 19-20 (8th Dist.).

{¶ 12} In *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court held that R.C. 2953.08(G)(2) "directly defines and establishes the proper appellate standard of review in felony sentencing cases." The statute itself provides that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 13} We outlined the required analysis under R.C. 2953.08(G)(2) in *Tammerine.*

R.C. 2953 .08(G)(2) establishes that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13(B) or (D), division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

5.

(b) That the sentence is otherwise contrary to law. *Tammerine* at ¶ 11, quoting R.C. 2953.08(G)(2).

{¶ 14} Accordingly, we conclude that the standard of review under R.C. 2953.08(G)(2), not an abuse of discretion standard under *Kalish* analysis, provides the framework for appellate review of these sentences.

## Consecutive Sentences

{¶ 15} The Ohio Supreme Court in the decision of *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, provides a detailed history of the requirements for judicial fact-finding to impose consecutive sentences in this state. *Id.* at ¶ 1-4,16-23. H.B. 86 revived judicial fact-finding for imposition of consecutive sentences under R.C. 2929.14(C)(4). *Id.* at ¶ 22. R.C. 2929.14(C) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

6.

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} In *Bonnell*, the Ohio Supreme Court held that "R.C. 2929.14(C)(4) requires the trial court to make statutory findings prior to imposing consecutive sentences, and Crim.R. 32(A)(4) therefore directs the court to state those findings at the time of imposing sentence," *Id.* at ¶ 26. The court stated further:

When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry. *Id.* at ¶ 29.

{¶ 17} The court applied this standard and further explained that where the nature of the record is sufficient, a "word for word recitation" of the statutory language is not required to comply with R.C. 2929.14(C):

> [A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.
>
> *Id.*

{¶ 18} Resentencing upon revocation of community control in case No. 2011CR0516 and sentencing in case No. 2012CR0612 proceeded together. The court stated that it had received and read an updated presentence investigation report. Both the original and updated presentence reports are part of the record.

{¶ 19} The hearing transcript demonstrates that the trial court reviewed appellant's criminal history at the sentencing hearing, including a 2001 conviction for aggravated menacing, a 2002 violation of a temporary protection order, 2006 convictions of menacing and assault, 2007 conviction for aggravated burglary with a three year prison sentence, and a 2010 conviction for domestic violence.

{¶ 20} The court discussed appellant's conviction in 2011 for the felony convictions for Domestic Violence and Menacing by Stalking in case No. 2011CR0516 and that appellant violated community control with respect to the original sentence for

8.

the domestic violence and stalking convictions in case No. 2011CR0516. The court considered the 2012 conviction for domestic violence in case No. 2012CR0612.

{¶ 21} The court then stated at the hearing:

Your history, Mr. Steck, over decades is that you have no ability to control your anger. You have no ability to deal with domestic partners without violence. You have no ability apparently to follow the Court's instructions to you * * * [referring to 453 telephone calls to Ms. Davis by appellant when contact was prohibited under community control restrictions].

{¶ 22} After imposing maximum consecutive sentences in both cases, providing for a total period of incarceration of four and one half years, the court continued:

[T]he four and a half years, at least during that period of time members of the community won't be threatened or assaulted or in fear of being killed by you during that period of time. No one sentence here is sufficient to punish you or to protect the community, so I feel I have to impose the consecutive maximum sentences on each of these three offenses before you do bury somebody in a cornfield.

{¶ 23} The updated presentence report recounts details of the October 3, 2012 assault on Ms. Evans, including the fact that appellant threatened to "bury her in a cornfield."

9.

{¶ 24} In our view, the record clearly demonstrates that the trial court engaged in an analysis of whether "consecutive service is necessary to protect the public from future crime or to punish the offender," the first required finding under R.C. 2929.14(C)(4). It is clear that the trial court reached that finding.

{¶ 25} The second required finding under R.C. 2929.14(C)(4) is a determination "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Here the court made a finding that "[n]o one sentence here is sufficient to punish you or to protect the community, so I feel I have to impose consecutive maximum sentences on each of these three offenses before you do bury somebody in a cornfield." In *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, the Seventh District Court of Appeals considered similar wording and found it sufficient to meet the second statutory requirement under R.C. 2929.14(C)(4):

> The second statutory finding is that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger to the public. The court characterized appellant's conduct as despicable and beyond understanding, stated that concurrent service was insufficient to protect the public and that concurrent service would fail to reflect the seriousness of the defendant's conduct. *If concurrent service would not reflect the seriousness of the defendant's conduct, then consecutive service*

*would not be disproportionate to the conduct. This is conceptually*

*equivalent phraseology.* (Citations omitted and emphasis added.) *Id.* at ¶ 45.

{¶ 26} In *State v. Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, the Tenth District Court of Appeals approved and followed the analysis in *Power*. Citing *Power* as authority, the court reasoned:

> Here, as was the case in *Power,* the trial court did not employ the precise statutory language in making its finding. In our opinion, however, the trial court's use of the phrase "does not discredit the conduct or danger imposed by the defendant" shows that the trial court employed the required proportionality analysis in imposing a consecutive sentence. The trial court's remarks reveal that it weighed the severity of a consecutive sentence against the seriousness of the offenses, the irreparable harm inflicted on appellant's young victim, and the future risk to the public posed by appellant's particular criminal conduct. The trial court's phraseology in this case is conceptually equivalent to the statutory language, even though the trial court eschewed the phrase "not disproportionate." *Id.* Contrary to appellant's assertion, the record shows that the trial court engaged in the appropriate statutory analysis and made the required finding. *Id.* at ¶ 21.

11.

{¶ 27} In our view, the court's statement in this case demonstrates that the court undertook the required proportionality analysis by weighing the severity of consecutive sentences against the seriousness of appellant's conduct and the danger appellant poses to the public. Accordingly, we conclude that the trial court engaged in the appropriate analysis and made the second required finding under R.C. 2929.14(C)(4).

{¶ 28} Next, R.C. 2929.14(C)(4) requires the trial court to make one of three findings under R.C. 2929.14(C)(4)(a), (b), or (c). The trial court's statements at sentencing demonstrate in strong terms that the court made a determination under R.C. 2929.14(C)(4)(c) that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 29} Appellant committed the 2012 domestic violence offense while under a community control sanction. Central to the hearing was resentencing for revocation of community control and sentencing for the 2012 offense itself. R.C. 2929.14(C)(4)(a) provides for a finding that "[t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code."

{¶ 30} Accordingly we find that the trial court made the statutory findings required under R.C. 2929.14(C)(4) at the disposition hearing or revocation of community

12.

control/sentencing hearing to impose the consecutive sentences on the three felonies in these two cases.

{¶ 31} We have reviewed the record including the original and updated presentence reports and conclude that the evidence in the record supports the trial court's findings under R.C. 2929.14(C)(4) and imposition of consecutive sentences for these three felonies.

**Judgment Entries**

{¶ 32} We next address whether the sentencing judgment properly incorporated the court's R.C. 2929.14(C)(4) findings in the judgment entries. The issue is a limited one. The Ohio Supreme Court instructed in *Bonnell* that where the trial court properly made the required findings under R.C. 2929.14(C)(4) at the sentencing hearing but fails to incorporate the findings in the judgment entry, the error "does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, Slip Opinion No. 2014-Ohio-3177 at ¶ 30.

{¶ 33} In the February 12, 2012 judgment in case No. 2012CR0612, the trial court ordered that the sentence in that case be served consecutively to the prison terms imposed in case No. 2011CR0516. The court also found "that, based on the Defendant's history of criminal conduct, consecutive terms are necessary to punish the Defendant and to protect the public." This meets the first required finding under R.C. 2929.14(C)(4) that

13.

the court find "that the consecutive service is necessary to protect the public from future crime or to punish the offender." The wording also sets forth a finding under R.C. 2929.14(C)(4)(c) that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 34} With regard to the required finding as to proportionality of sentence, the trial court found in the judgment that "consecutive terms are necessary to punish the Defendant and to protect the public and that no single prison term for any of the offenses committed reflects the seriousness of the Defendant's conduct." As discussed in our consideration of findings at the sentencing hearing, we concluded the finding is conceptually equivalent to the second required finding under R.C. 2929.14(C)(4) that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶ 35} The trial court specifically found in the judgment that "the offense was committed while the offender was under a community control (non-prison) sanction," thereby also making a finding under R.C. 2929.14(C)(4)(a) .

{¶ 36} Accordingly, we conclude that the trial court properly incorporated its R.C. 2929.14(C)(4) findings from the hearing into its judgment entry in case No. 2012CR0612.

14.

{¶ 37} In the 2011CR0516 judgment, the trial court also found "based on the Defendant's history of criminal conduct, consecutive terms are necessary to punish the Defendant and to protect the public and that no single prison term for any of the offenses committed reflects the seriousness of the Defendant's conduct." As discussed in our analysis of the 2012CR0612 judgment, these findings meet the requirements for the first two mandatory findings under R.C. 2929.14(C)(4). The first of the two findings also constitutes a finding under R.C. 2929.14(C)(4)(c) that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Accordingly, we conclude the that 2011CR0516 judgment also meets the requirements of R.C. 2929.14(C)(4) for imposition of consecutive sentences.

{¶ 38} We conclude that that the trial court judgments sentencing appellant to consecutive sentences for the three felonies in these two criminal cases are not clearly and convincingly contrary to law under R.C. 2953.08(G)(2).

**Maximum Sentences**

{¶ 39} Appellant next argues that the trial court abused its discretion when it imposed maximum sentences on the three felonies. As discussed earlier, our review is governed by R.C. 2953.08(G)(2). The statute permits a reviewing court to "reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds" that the record does not support specified sentencing findings in the statute or the

"sentence is otherwise contrary to law." There are no statutory findings required for a court to impose a maximum sentence. *White*, 2013-Ohio-4225, 997 N.E.2d 629 at ¶ 7.

{¶ 40} We recognized in *Tammerine,* that "[a]lthough Kalish no longer provides the framework for reviewing felony sentences, it does provide * * * guidance for determining whether a sentence is clearly and convincingly contrary to law." *Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425 at ¶ 15, quoting *White* at ¶ 12. We identified in *Tammerine* the guidance *Kalish* can provide on the issue:

> Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied post release control, and had imposed a sentence within the statutory range. *Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 at ¶ 18. *Id.* at ¶ 15.

{¶ 41} The record demonstrates that the trial court considered the overriding purposes of felony sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors under R.C. 2929.12. Appellant does not claim error as to postrelease control.

{¶ 42} The sentences comply with applicable statutes. Appellant's 18-month sentences for both domestic violence and menacing by stalking in case No. 2011CR0516

16.

are within the range of sentences permitted under R.C. 2929.14(A)(5) for the two fourth degree felony convictions. The sentences also did not exceed the prison term specified in the February 15, 2012 judgment that could be imposed should appellant violate community control sanctions. *See* R.C. 2929.15(B).

{¶ 43} The domestic violence conviction in case No. 2012CR0612 was also for a fourth degree felony. Accordingly, the 18-month sentence for that offense was also within the range of sentences authorized under R.C. 2929.14(A)(5).

{¶ 44} We conclude that imposition of the maximum term of imprisonment on the three felonies in the two criminal cases was not clearly and convincingly contrary to law.

{¶ 45} We find appellant's assignment of error not well-taken.

{¶ 46} Justice having been afforded the party complaining, we affirm the trial court judgments in both appeal WD-13-017 and appeal WD-13-018. We order appellant to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                         _____
                                                            JUDGE

Stephen A. Yarbrough, P.J.

                                                 _____
James D. Jensen, J.                                         JUDGE
CONCUR.

                                                 _____
                                                            JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.