[Cite as *State v. Hunter*, 2014-Ohio-4728.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Joseph R. Hunter

        Appellant

Court of Appeals No. L-12-1101

Trial Court No. CR0201201060

**DECISION AND JUDGMENT**

Decided: October 24, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Joseph J. Hunter, appellant, appeals a March 30, 2012 judgment of the Lucas County Court of Common Pleas of conviction and sentence entered against him after a jury trial. Hunter was convicted on all four counts of a four count indictment charging him with involuntary manslaughter; attempt to commit murder, felonious assault and

aggravated robbery. Each count included an R.C. 2941.145 firearm specification. A detailed account of the charges and convictions is provided in our prior decision in this appeal. *State v. Hunter*, 6th Dist. Lucas No. L-12-1101, 2013-Ohio-4738, ¶ 1-3.

{¶ 2} The trial court concluded that the felonious assault and attempt to commit murder convictions are allied offenses of similar import and merged the convictions for purposes of sentencing. The state elected to proceed at sentencing on the attempt to commit murder conviction. The parties and the court also agreed that the remaining three firearm specifications were to be merged at sentencing.

{¶ 3} Initially this appeal was brought under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) procedures. In the prior decision in this case, we found issues of arguable merit exist for appeal and appointed new counsel to pursue the appeal on appellant's behalf. Appellant now asserts three assignments of error on appeal:

**Assignments of Error**

Assignment of Error 1: The trial court did not correctly merge appellant's sentences for the three gun specifications.

Assignment of Error 2: The trial court erred in sentencing appellant to consecutive sentences.

Assignment of Error 3: The trial court did not correctly enter a waiver of costs in the judgment entry of conviction and sentence.

2.

**Standard of Review**

{¶ 4} After September 30, 2011, R.C. 2953.08(G)(2) provides the standard of review by appellate courts with respect to felony sentencing. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11; *State v. Steck*, 6th Dist. Wood Nos. WD-13-017 and WD-13-018, 2014-Ohio-3623, ¶ 11-14. This court outlined the standard of review in *Tammerine:*

> R.C. 2953.08(G)(2) establishes that an appellate court may increase, reduce, modify, or vacate and remand a dispute[d] sentence if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13(B) or (D), division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law. *Tammerine* at ¶ 11, quoting R.C. 2953.08(G)(2).

{¶ 5} Under assignment of error No. 1, appellant argues (1) that the trial court did not correctly merge the sentences for the three firearm specifications and (2) that the sentences on the firearm specifications are at variance with the sentences pronounced at the sentencing hearing. The state concedes that a clerical error occurred with respect to sentencing on the firearm specifications and agrees that the case should be remanded for resentencing as to the merged firearm specifications.

3.

**{¶ 6}** We find assignment of error No. 1 well-taken.  We reverse the trial court judgment with respect to sentencing on the three firearm specifications, and remand this matter to the trial court for resentencing, to permit the trial court to merge the three firearm specifications for purposes of sentencing and impose a single sentence on one firearm specification.

**{¶ 7}** Under assignment of error No. 2, appellant argues that the trial court erred in sentencing appellant to consecutive sentences on the involuntary manslaughter, attempt to commit murder, and aggravated robbery convictions.  Appellant contends that the trial court erred by failing to make R.C. 2929.14(C)(4) findings at the sentencing hearing that are required to impose consecutive sentences.

**{¶ 8}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

4.

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Appellant argues that the trial court did not make any of the required findings under R.C. 2929.14(C)(4) at the sentencing hearing, and that the court was simply silent on the issue. Appellant also asserts that the record does not reflect that the trial court engaged in the analysis required under R.C. 2929.14(C)(4) at the sentencing hearing.

{¶ 10} The state contends that statements by the trial court at the sentencing hearing, when considered in combination with the more specific findings in the sentencing judgment entry were sufficient to meet R.C. 2929.14(C)(4) requirements. We disagree.

{¶ 11} After briefing on this appeal was completed, the Ohio Supreme Court announced its decision in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177,

5.

16 N.E.3d 659.  In *Bonnell,* the Ohio Supreme Court held that "R.C. 2929.14(C)(4) requires the trial court to make statutory findings prior to imposing consecutive sentences, and Crim.R. 32(A)(4) therefore directs the court to state those findings at the time of imposing sentence."  *Id.* at ¶ 26.  The court stated further:

> When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel.  *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry.  *Id.* at ¶ 29.

**{¶ 12}** In *Bonnell*, the Ohio Supreme Court stated that a "word for word recitation" of the statutory language is not required to comply with R.C. 2929.14(C):

> [A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

**{¶ 13}** We have reviewed the record including the transcript of the sentencing hearing.  At the hearing, the trial court did not discuss R.C. 2929.14(C) or findings under the statute.  Although the court was not required to engage in a word-for-word recitation

6.

of the language of the statute, we nevertheless are unable to discern from our review of the record whether the trial court engaged in the fact finding analysis required under R.C. 2929.14(C) to impose consecutive sentences.

{¶ 14} As the record does not support a conclusion that the trial court made all findings required by R.C. 2929.14(C) at the time it imposed consecutive sentences in this case, the imposition of consecutive sentences in this case is contrary to law. *See Bonnin* at ¶ 37.

{¶ 15} We find assignment of error No. 2 well-taken.

{¶ 16} We vacate appellant's sentence and remand this matter to the trial court for resentencing with respect to imposition of consecutive sentences on appellant's convictions for involuntary manslaughter, attempt to commit murder, and aggravated robbery.

{¶ 17} Under assignment of error No. 3, appellant argues the trial court erred with respect to waiver of costs. Appellant states that a variance exists, with respect to waiver of court costs, between the trial court's pronouncement of sentence at the sentencing hearing and the terms of the sentencing judgment entry.

{¶ 18} The state agrees that at the sentencing hearing the trial court appeared to have granted appellant a waiver of costs due to his indigence and that the judgment entry is inconsistent and ambiguous with respect to waiver. The judgment found appellant both indigent and able to pay costs.

**{¶ 19}** The parties agree that the sentencing judgment with respect to waiver of court costs should be reversed and the case remanded to permit the trial court to correct its judgment to unambiguously waive court costs on the basis of indigency.

**{¶ 20}** Good cause appearing, we find assignment of error No. 3 well-taken. We vacate the trial court judgment with respect to waiver of court costs on the basis of indigency and remand the matter to the trial court for resentencing.

**{¶ 21}** Justice having been denied the party appealing, we vacate the March 30, 2012 judgment of the Lucas County Court of Common Pleas as set forth in this judgment and remand for resentencing.

**{¶ 22}** In summary, we vacate the judgment (1) with respect to sentencing on the three firearm specifications, (2) with respect to imposition of consecutive sentences for the involuntary manslaughter, attempt to commit murder, and aggravated robbery convictions, and (3) with respect to waiver of court costs on the basis of indigency. We remand this matter to the trial court for resentencing on these three matters. We order appellee to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Mark L. Pietrykowski, J.           _____
                                                               JUDGE

Thomas J. Osowik, J.           

                                             _____
James D. Jensen, J.                                                   JUDGE
CONCUR.

                                             _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.